# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN E. MITCHELL, | Case No. 1:15-cv-01512 DLB PC |
| Plaintiff, | ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION |
| v. | [ECF No. 4] |
| J. BEARD, et al., | ORDER GRANTING MOTION TO DISMISS DEFENDANTS |
| Defendants. | [ECF No. 9] |

Plaintiff John E. Mitchell, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on October 5, 2015.[1] On October 8, 2015, Plaintiff filed a motion for preliminary injunction. On October 27, 2015, Plaintiff filed a motion to dismiss certain defendants from his complaint.

The motion for preliminary injunction must be denied. As a threshold matter, Plaintiff must demonstrate he has standing to seek preliminary injunctive relief. Summers v. Earth Island Institute, 555 U.S. 488, 493, 129 S.Ct. 1142 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010). "[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103-04, 118 S.Ct. 1003 (1998); Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61, 112 S.Ct. 2130 (1992). This requires Plaintiff to "show that he is under threat of suffering an 'injury in fact' that

---

[1] Plaintiff consented to the jurisdiction of the Magistrate Judge on October 16, 2015.

is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." Summers, 555 U.S. at 493; Mayfield, 599 F.3d at 969.

This action arises out of alleged violations of Plaintiff's federal rights on March 13, 2014, while Plaintiff was temporarily detained at North Kern State Prison ("NKSP") in Delano, California.  Plaintiff claims that Defendants at NKSP violated his Fourth Amendment right to privacy during a strip search, and his Eighth Amendment right to be free from cruel and unusual punishment for the use of certain restraints, for conditions of confinement, and for denial of medical care.  The pendency of this case does not provide Plaintiff with standing to seek relief directed at possible future uses of force, complaints of double housing and confinement away from his family, refusals to provide a religious diet, unlawful confiscations or disposals of his personal property, improper information contained in his C-File, harassment, or interferences with access to courts by individuals at Corcoran State Prison.  Summers, 555 U.S. at 493 (citation omitted); Lujan, 504 U.S. at 560-61; Mayfield, 599 F.3d at 969.  Plaintiff's inability to meet the "irreducible constitutional minimum of standing" with respect to the relief he seeks is fatal to his motion.

On October 27, 2015, Plaintiff filed a motion to dismiss the following named Defendants from his complaint: Sgt. J. Amaya; C/O Huewe; C/O Alford; Gonzalez; Lieutenant Tenorio; C/O Rodriguez, and C.R.M. Robicheaux.  Plaintiff claims he has not exhausted his claims against these Defendants.  Good cause having been presented, the Court will grant Plaintiff's motion.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for preliminary injunction is DENIED, and his motion to dismiss Defendants Amaya, Huewe, Alford, Gonzalez, Tenorio, Rodriguez, and Robicheaux is GRANTED.

IT IS SO ORDERED.

Dated:   **November 3, 2015**                    /s/ *Dennis L. Beck*
                                                 UNITED STATES MAGISTRATE JUDGE

2