# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN E. MITCHELL, | Case No. 1:15-cv-01512 DLB PC |
| Plaintiff, | ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION [ECF No. 19] |
| v. | |
| J. BEARD, et al., | ORDER DENYING AS MOOT REQUEST FOR INTERLOCUTORY ORDER [ECF No. 20] |
| Defendants. | |

Plaintiff John E. Mitchell, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on October 5, 2015.[1] On January 22, 2016, he filed a First Amended Complaint ("FAC"). Plaintiff names as Defendants: Sgt. E. Sanchez; Sgt. L. Munoz; J. D. Ornealas; M. D. Hunter; Nurse Jane Doe #1; and Nurse John Doe #2. On January 22, 2016, Plaintiff filed a motion for preliminary injunction. On March 2, 2016, he filed a motion for a ruling on his motion for preliminary injunction.

The motion for preliminary injunction must be denied. As a threshold matter, Plaintiff must demonstrate he has standing to seek preliminary injunctive relief. Summers v. Earth Island Institute, 555 U.S. 488, 493, 129 S.Ct. 1142 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010). "[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103-04,

---

[1] Plaintiff consented to the jurisdiction of the Magistrate Judge on October 16, 2015.

118 S.Ct. 1003 (1998); Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61, 112 S.Ct. 2130 (1992). This requires Plaintiff to "show that he is under threat of suffering an 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." Summers, 555 U.S. at 493; Mayfield, 599 F.3d at 969.

This action arises out of alleged violations of Plaintiff's federal rights on March 13, 2014, while Plaintiff was temporarily detained at North Kern State Prison ("NKSP") in Delano, California. Plaintiff claims that Defendants Sanchez, Munoz, Ornealas, Hunter and Does #1 and #2 at NKSP violated his Fourth Amendment right to privacy during a strip search, and his Eighth Amendment right to be free from cruel and unusual punishment for the use of certain restraints, for conditions of confinement, and for denial of medical care.

In his motion of January 22, 2016, Plaintiff purports to request a preliminary injunction against Defendants Sanchez, Munoz, Ornealas, and Hunter at NKSP. In actuality, however, Plaintiff seeks injunctive relief against non-parties Fernandez, Baeza, Tenorio, Gutierrez, Huewe, Vargas, Gonzalez, Alford, Alvarez, and Davey, who are correctional officers at Corcoran State Prison where Plaintiff is currently incarcerated. The pendency of the instant case does not provide Plaintiff with standing to seek relief directed at non-parties at Corcoran State Prison. Summers, 555 U.S. at 493 (citation omitted); Lujan, 504 U.S. at 560-61; Mayfield, 599 F.3d at 969. Plaintiff's inability to meet the "irreducible constitutional minimum of standing" with respect to the relief he seeks is fatal to his motion.

On March 2, 2016, Plaintiff filed a request for a ruling on his motion for injunctive relief. Insofar as this order has resolved his motion for injunctive relief, his request is DENIED as moot.

///
///
///
///
///

2

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for preliminary injunction is DENIED WITH PREJUDICE, and his motion for court order is DENIED as moot.

IT IS SO ORDERED.

Dated:   **March 5, 2016**                         /s/ *Dennis L. Beck*
                                                             UNITED STATES MAGISTRATE JUDGE