# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN E. MITCHELL,<br><br>    Plaintiff,<br><br>  v.<br><br>J. BEARD, et al.,<br><br>    Defendants.<br>_____/ | Case No. 1:15-cv-01512 DLB PC<br><br>ORDER DENYING MOTION TO SUPPLEMENT COMPLAINT<br>[ECF No. 28]<br><br>ORDER DIRECTING CLERK OF COURT TO RETURN LODGED SUPPLEMENT TO PLAINTIFF<br>[ECF No. 29] |

Plaintiff John E. Mitchell, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on October 5, 2015.[1]  On January 22, 2016, he filed a First Amended Complaint ("FAC").  Plaintiff names as Defendants: Sgt. E. Sanchez; Sgt. L. Munoz; J. D. Ornealas; M. D. Hunter; Nurse Jane Doe #1; and Nurse John Doe #2.

On July 22, 2016, Plaintiff filed the instant motion to supplement.  Plaintiff states he seeks to supplement his amended complaint pursuant to Fed. R. Civ. Proc. 15(d) with additional events that occurred after he filed his amended complaint.

This action is currently proceeding on alleged violations of Plaintiff's federal rights on March 13, 2014, while Plaintiff was temporarily detained at North Kern State Prison ("NKSP") in Delano, California.  Plaintiff claims that Defendants Sanchez, Munoz, Ornealas, Hunter and Does #1 and #2 at NKSP violated his Fourth Amendment right to privacy during a strip search, and his

---

[1] Plaintiff consented to the jurisdiction of the Magistrate Judge on October 16, 2015.

1 Eighth Amendment right to be free from cruel and unusual punishment for the use of certain
2 restraints, for conditions of confinement, and for denial of medical care.  Plaintiff seeks to add 15
3 new defendants concerning events which occurred from June 9, 2015, through February of 2016,
4 while Plaintiff was incarcerated at Corcoran Substance Abuse Treatment Facility ("CSATF").
5 Plaintiff seeks to add the following claims: interference with his rights to free exercise of religion;
6 deliberate indifference for failure to protect or intervene; conspiracy; negligent failure to protect;
7 and assault and battery.

8       Pursuant to Rule 15(d), "the court may, on just terms, permit a party to serve a
9 supplemental pleading setting out any transaction, occurrence, or event that happened after the
10 date of the pleading to be supplemented."  Fed. R. Civ. P. 15(d).  Rule 15(d) does not require the
11 moving party to satisfy a transactional test, but there must still be a relationship between the claim
12 in the original pleading and the claims sought to be added.  *Keith v. Volpe*, 858 F.2d 467, 474 (9th
13 Cir. 1988).  Thus, "[w]hile leave to permit supplemental pleading is favored, it cannot be used to
14 introduce a separate, distinct and new cause of action."  *Planned Parenthood of Southern Arizona*
15 *v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997) (internal quotation marks and citation omitted).

16       Here, the events which occurred in 2015 to 2016 while Plaintiff was incarcerated at
17 CSATF bear no relation to the events which occurred in 2014 at KVSP.  The claims, facts, and
18 defendants are completely separate, distinct, and new.  Allowing Plaintiff to add these separate,
19 distinct, and new claims at this juncture would not serve the interests of judicial economy and
20 convenience, and the proposed claims are simply not sufficiently related to the present claims to
21 support allowing leave to supplement.  *Planned Parenthood*, 130 F.3d at 402; *Keith*, 858 F.2d at
22 474.  To the extent Plaintiff wishes to pursue these new claims, he must file a separate action.
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion to supplement his amended complaint is DENIED WITH PREJUDICE, and the Clerk of Court is DIRECTED to return the lodged supplement to Plaintiff.

IT IS SO ORDERED.

Dated:   **July 29, 2016**                              /s/ *Dennis L. Beck*
                                                        UNITED STATES MAGISTRATE JUDGE