UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MITCHELL,<br><br>        Plaintiff,<br><br>  vs.<br><br>D. DAVEY, et al.,<br><br>        Defendants. | 1:15-cv-01512-GSA-PC<br><br>ORDER DENYING MOTION FOR ORDER UNDER ALL WRITS ACT, OR IN THE ALTERNATIVE, FOR APPOINTMENT OF COUNSEL<br>(ECF No. 41.)<br><br>ORDER GRANTING EXTENSION OF TIME TO FILE SECOND AMENDED COMPLAINT<br><br>THIRTY DAY DEADLINE |

**I.    BACKGROUND**

John Edward Mitchell ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983.  On October 5, 2015, Plaintiff filed the Complaint commencing this action.  (ECF No. 1.)

On October 16, 2015, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance.  (ECF No. 6.)  Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required.  Local Rule Appendix A(k)(3).

On January 22, 2016, Plaintiff filed the First Amended Complaint as a matter of course.  (ECF No. 17.)  The court screened the First Amended Complaint and issued an order on November 14, 2016, requiring Plaintiff to either file a second amended complaint or notify the court that he is willing to proceed only on the cognizable claims found by the court.  (ECF No. 35.)  On December 30, 2016, the court granted Plaintiff's motion for an extension of time to file the second amended complaint.  (ECF No. 39.)

1 On March 8, 2017, Plaintiff filed a motion for an order under the All Writs Act or, in
2 the alternative, for appointment of counsel. (ECF No. 41.) This motion is now before the
3 court.

## II.     MOTION UNDER ALL WRITS ACT

Plaintiff is presently incarcerated at the R.J. Donovan Correctional Facility (RJD) in San Diego, California. Plaintiff requests a court order directing non-parties at RJD not to interfere with his ability to litigate this case. Plaintiff asserts that non-parties CMO Walker, Dr. Clayton, Psychologist R. Barenchi, and Nurse Melton refuse to reinstate his dosage of the medication Methodone. The court construes this motion as a motion for preliminary injunctive relief.

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id.

///

The events at issue in this case allegedly occurred at North Kern State Prison in Delano, California, when Plaintiff was incarcerated there. Plaintiff is now incarcerated at RJD and seeks an order directing non-parties there to act. The court does not have personal jurisdiction over any of the non-parties and therefore cannot order them to act. "A federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985). Moreover, the order Plaintiff seeks would not remedy any of the claims upon which this action proceeds. Therefore, the court lacks jurisdiction to issue the order sought by Plaintiff, and Plaintiff's motion must be denied.

**III.    MOTION FOR APPOINTMENT OF COUNSEL**

Plaintiff also seeks appointed counsel to represent him in this case, asserting that his ability to write is impaired. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. At this early stage of the proceedings, the court cannot make a determination that Plaintiff is likely to succeed on the merits. On December 30, 2016, the court granted Plaintiff an extension of time to file the second amended complaint, and to date, Plaintiff has not filed the second amended complaint. Therefore, there is no complaint on record in this case upon which this

case can proceed.  Moreover, based on the record in this case, the court finds that Plaintiff can adequately articulate his claims and respond to the Court's orders.

Therefore, Plaintiff's motion for counsel shall be denied.  Plaintiff is advised that he is not precluded from renewing the motion for appointment of counsel at a later stage of the proceedings.

**IV.    EXTENSION OF TIME**

The Court finds good cause to grant Plaintiff an extension of time to file his second amended complaint.  Therefore, Plaintiff shall be granted a thirty-day extension of time.

**V.    CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for an order under the All Writs Act is DENIED;
2. Plaintiff's motion for court-appointed counsel is DENIED, without prejudice;
3. Plaintiff is granted thirty days from the date of service of this order in which to file a second amended complaint pursuant to the court's order of November 14, 2016; and
4. **No further extensions of time shall be granted without a showing of good cause**.

IT IS SO ORDERED.

Dated:   **March 15, 2017**              **/s/ Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE