UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN EDWARD MITCHELL,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>J. BEARD, et al.,<br><br>　　　　　Defendants. | 1:15-cv-01512-GSA-PC<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br>**(ECF No. 47.)**<br><br>**ORDER VACATING ORDER DIRECTING SERVICE BY UNITED STATES MARSHAL**<br>**(ECF No. 46.)**<br><br>**ORDER FOR PLAINTIFF TO EITHER:**<br><br>　　　　**(1) FILE THIRD AMENDED COMPLAINT NOT TO EXCEED 25 PAGES,**<br><br>　　　　**OR**<br><br>　　　　**(2) NOTIFY THE COURT IN WRITING THAT HE IS WILLING TO PROCEED WITH THE SECOND AMENDED COMPLAINT, ONLY AGAINST DEFENDANT HUNTER ON CONDITIONS OF CONFINEMENT CLAIM**<br><br>**THIRTY-DAY DEADLINE**<br><br>**ORDER FOR CLERK TO SERVE THIS ORDER ON THE UNITED STATES MARSHALS SERVICE** |

**I.　　BACKGROUND**

　　John Edward Mitchell ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. On October 5, 2015, Plaintiff filed the Complaint commencing this action. (ECF No. 1.)

1

1    On October 16, 2015, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance. (ECF No. 6.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

On September 15, 2017, Plaintiff filed objections to the court's screening order issued on August 31, 2017. (ECF No. 47.) The court construes Plaintiff's objections as a motion for reconsideration of the screening order.

## II. MOTION FOR RECONSIDERATION

Rule 60(b) allows the Court to relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already

considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

## III.     DISCUSSION

Plaintiff contends that the court's screening order misstates his allegations and claims in the Second Amended Complaint. Specifically, Plaintiff asserts that he did <u>not</u> intend to bring a claim for excessive force, that he <u>did</u> bring a claim for inadequate medical care based on Defendants' application of handcuffs, and that he was confined in an unsanitary cell overnight and not just for 1 1/2 hours. Plaintiff objects to the court's conclusion that he should proceed with the Second Amended Complaint only against defendant Hunter for adverse conditions of confinement and that all other claims and defendants should be dismissed.

While the summary of allegations in the court's screening order does not reflect Plaintiff's twenty-seven pages of allegations word-for-word, the court intends it to accurately reflect Plaintiff's allegations in the Second Amended Complaint. The court's summary of the complaint is not meant to limit or misrepresent the allegations upon which Plaintiff's case will proceed; instead, the case shall proceed with Plaintiff's allegations as stated in the operable complaint, not in the court's order. With respect to Plaintiff's claims, the court determined which claims are cognizable based on the allegations in the Second Amended Complaint. Here, the court's screening order contains analysis for excessive force, medical, due process, and adverse conditions of confinement claims, finding that Plaintiff only states a claim for adverse conditions of confinement against defendant Hunter.

Plaintiff has not set forth facts or law of a strongly convincing nature in his motion for reconsideration to induce the court to amend the screening order or reverse its prior decision. Therefore, the motion for reconsideration shall be denied.

///

///

However, to the extent that Plaintiff seeks to clarify his allegations and claims, he shall be granted leave to file another amended complaint. Under Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave to amend when justice so requires." The court shall vacate its order directing service on defendant Hunter and grant Plaintiff thirty days in which to file a Third Amended Complaint not exceeding 25 pages. In the alternative, Plaintiff is required to notify the court in writing that he does not wish to amend the complaint and is instead willing to proceed with the Second Amended Complaint only on the adverse conditions of confinement claim against defendant Hunter found cognizable by the court. If Plaintiff is willing to proceed only on the cognizable claim, the court shall re-initiate service on defendant Hunter.

If Plaintiff decides to file a Third Amended Complaint, he should clearly and concisely state the allegations and claims upon which he seeks to proceed. The complaint should be brief, but must allege facts showing what each named defendant did that led to the deprivation of Plaintiff's constitutional rights. Fed. R. Civ. P. 8(a); Ashcroft v. Iqbal, 556 U.S. 662, 678; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights by his or her actions. Id. at 676-77 (emphasis added). Plaintiff should not include legal analysis, and the court strongly recommends that no exhibits be submitted with the complaint where (1) they serve only to confuse the record and burden the court, or (2) they are intended as future evidence. If this action reaches a juncture at which the submission of evidence is appropriate and necessary (e.g., summary judgment or trial), Plaintiff will have the opportunity at that time to submit his evidence. If Plaintiff files a Third Amended Complaint, the court shall screen it in due course to determine if Plaintiff states any cognizable claims.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Furthermore, Plaintiff is not granted leave to add allegations of events occurring after the date he filed the Complaint, October 5, 2015.

4

Plaintiff is advised that an amended complaint supercedes the original complaint, <u>Lacey v. Maricopa County</u>, 693 F 3d. 896, 907 n.1 (9th Cir. 2012), and it must be complete in itself without reference to the prior or superceded pleading, Local Rule 220. Once an amended complaint is filed, the prior complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Third Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

## III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration, filed on September 15, 2017, is DENIED;
2. The court's order issued on September 12, 2017, directing the United States Marshal to serve process against defendant Hunter, is VACATED;
3. The Clerk's Office shall send Plaintiff a civil rights complaint form;
4. Within **thirty (30) days** from the date of service of this order, Plaintiff shall either:
    (1) File a Third Amended Complaint not exceeding 25 pages, clarifying the allegations and claims upon which Plaintiff seeks to proceed; or
    (2) Notify the court in writing that he does not wish to file an amended complaint and is instead willing to proceed only on the adverse conditions of confinement claim against defendant Hunter;
5. Should Plaintiff choose to amend the complaint, Plaintiff shall caption the amended complaint "Third Amended Complaint" and refer to the case number 1:15-cv-01512-GSA-PC;
6. The Clerk is directed to serve a copy of this order on the United States Marshals Service; and

///

///

7. If Plaintiff fails to comply with this order, this action will be dismissed for failure to comply with a court order.

IT IS SO ORDERED.

Dated: **September 19, 2017**      **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE