UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN EDWARD MITCHELL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>J. BEARD, et al.,<br><br>　　　　　Defendants. | 1:15-cv-01512-DAD-GSA-PC<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS CLAIMS AND DEFENDANTS CONSISTENT WITH MAGISTRATE JUDGE'S PRIOR ORDER IN LIGHT OF <u>WILLIAMS</u> DECISION<br><br>(ECF NO. 44.)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS |

**I.　　BACKGROUND**

John Edward Mitchell ("Plaintiff") is a state prisoner proceeding *pro se and in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. On October 5, 2015, Plaintiff filed the Complaint commencing this action. (ECF No. 1.)

Plaintiff has consented to magistrate judge jurisdiction, and no other parties have appeared. (ECF No. 6.)

The court previously screened Plaintiff's complaint before any defendants appeared. The court found that Plaintiff stated a cognizable Eighth Amendment conditions-of-confinement claim against defendant C/O M. Hunter, and dismissed all other claims and

1

defendants. (ECF No. 44.) The case now proceeds with the Second Amended Complaint against defendant C/O Hunter.

On August 31, 2017, the court issued a screening order finding that Plaintiff stated a cognizable Eighth Amendment conditions-of-confinement claim against defendant C/O M. Hunter, but no other claims against any of the Defendants. (ECF No. 44.) In the order, the magistrate judge dismissed Defendants Munoz, Ornelas, Sanchez, Barella, Thytie, Fernandez, Roska, Laguatan, Rodriguez, and 3 Doe Defendants (nurses) from this action, for Plaintiff's failure to state any claims against them. (Id.) The magistrate judge also dismissed Plaintiff's claims for excessive force, medical care, and due process, based on Plaintiff's failure to state a claim. (Id.)

As described below, in light of Ninth Circuit authority, this court is recommending that the assigned district judge dismiss Defendants Munoz, Ornelas, Sanchez, Barella, Thytie, Fernandez, Roska, Laguatan, Rodriguez, and 3 Doe Defendants (nurses) from this action, and dismiss Plaintiff's claims for excessive force, medical care, and due process, for Plaintiff's failure to state a claim under § 1983, consistent with the August 31, 2017, order by the magistrate judge at the screening stage.

**II.    WILLIAMS V. KING**

On November 9, 2017, the United States Court of Appeals for the Ninth Circuit held that a magistrate judge lacked jurisdiction to dismiss a prisoner's case for failure to state a claim at the screening stage where the Plaintiff had consented to magistrate judge jurisdiction and defendants had not yet been served. Williams v. King, 875 F.3d 500 (9th Cir. 2017). Specifically, the Ninth Circuit held that "28 U.S.C. § 636(c)(1) requires the consent of all plaintiffs and defendants named in the complaint—irrespective of service of process—before jurisdiction may vest in a magistrate judge to hear and decide a civil case that a district court would otherwise hear." Id. at 501.

Here, Defendants were not served at the time the court issued its order dismissing claims and defendants, and therefore had not appeared or consented to magistrate judge

///

jurisdiction. Accordingly, the magistrate judge lacked jurisdiction to dismiss Plaintiff's claims and defendants based solely on Plaintiff's consent.

In light of the holding in Williams, this court will recommend to the assigned district judge that he dismiss the defendants and claims previously dismissed by this court, for the reasons provided in the court's screening order.

## III.   CONCLUSION AND RECOMMENDATIONS

The court finds that this case should proceed only against defendant C/O M. Hunter, for subjecting Plaintiff to adverse conditions of confinement in violation of the Eighth Amendment, for housing Plaintiff in a bare, cold, and unsanitary cell without clothing, and all other claims and defendants should be dismissed based on Plaintiff's failure to state a claim, for the reasons provided in the court's August 31, 2017, order.

Therefore, for the reasons set forth above, **IT IS HEREBY RECOMMENDED** that:

1. In light of the holding in Williams, the district judge dismiss the claims and defendants previously dismissed by the magistrate judge on August 31, 2017;

2. This case now proceed with Plaintiff's Second Amended Complaint, filed on March 13, 2017, against defendant C/O M. Hunter, for subjecting Plaintiff to adverse conditions of confinement in violation of the Eighth Amendment, for housing Plaintiff in a bare, cold, and unsanitary cell without clothing;

3. All other claims and defendants be dismissed from this action for failure to state a claim under § 1983 upon which relief may be granted, for the reasons provided in the magistrate judge's August 31, 2017, order;

4. Defendants Munoz, Ornelas, Sanchez, Barella, Thytie, Fernandez, Roska, Laguatan, Rodriguez, and 3 Doe Defendants (nurses) be dismissed from this action for Plaintiff's failure to state any claims under § 1983 against them upon which relief may be granted; and

5. Plaintiff's claims for excessive force, medical care, and due process be dismissed from this action based on Plaintiff's failure to state a claim.

///

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days of the date of service of these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **December 15, 2017**　　　　　　　　**/s/ Gary S. Austin**
　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE